IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-mc-00261-RM-MJW

SAN JUAN CABLE LLC, *d/b/a OneLink Communications, n/k/a Liberty Cablevision of Puerto Rico LLC*,

Plaintiff,

v.

DISH NETWORK LLC,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

For the following reasons, it is hereby **ORDERED** that:

• Plaintiff's Motion to Compel Non Party DISH Network LLC to Comply with Rule 45 Subpoena Served by Defendant OneLink (**Docket No. 1**) is **TRANSFERRED** to the U.S. District Court for the District of Puerto Rico, as the issuing court under the caption *Armando Diaz v. San Juan Cable, LLC*, Civ. No. 3:14-cv-01244 (D. P.R.);

• Puerto Rico Telephone Company's Request to Transfer OneLink's Motion to Compel, or in the Alternative, Motion to Quash OneLink's Rule 45 Subpoena (**Docket No. 6**) is **DENIED AS MOOT**; and

• The Clerk of Court shall administratively close this case, to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court under Fed.R.Civ.P. 45(f)&(g).

San Juan Cable LLC, d/b/a OneLink Communicatins ("OneLink"), is the defendant in two antitrust cases pending before the U.S. District Court for the District of Puerto Rico: *Armando Diaz v. San Juan Cable, LLC*, and *Puerto Rico Telephone Company v. San Juan Cable, LLC*. Both cases allege that OneLink impermissibly delayed Puerto Rico Telephone Company ("PRTC")'s entry into the pay-TV market in Puerto Rico. Shortly after entering into competition in OneLink, PRTC also began a venture with DISH Network LLC ("DISH") to provide a different product in the same market.

In both of the pending antitrust cases, OneLink has argued that records from the PRTC-DISH venture are relevant to the claims and defenses of the parties.  The case captioned *PRTC v. San Juan Cable* is currently at the dispositive-motions stage; there, both PRTC and DISH provided records concerning the PRTC-DISH venture.  The case captioned *Diaz v. San Juan Cable* is only now at the close of discovery; there, OneLink is having more difficulty procuring records from PRTC and DISH.  OneLink's motion to enforce a subpoena served on PRTC is pending before that court.  And, because DISH is headquartered in this judicial district, OneLink's  motion to enforce a subpoena served on DISH (Docket No. 1) is now pending before *this* Court.

In response to OneLink's motion, DISH has asked for the matter to be transferred to the U.S. District Court for the District of Puerto Rico or, in the alternative, for the subpoena to be quashed.  PRTC has also filed a motion, as an interested party, asking for the same relief.

Under Rule 45(f) of the Federal Rules of Civil Procedure, this Court may transfer these motions to the U.S. District Court for the District of Puerto Rico on either of two conditions: "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Here, DISH has not only consented but has affirmatively requested transfer.  Thus, the Court need not consider whether the case presents "exceptional circumstances."  It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.  The issuing court is already weighing very similar questions of relevance and undue burden in the motion to enforce OneLink's subpoena to PRTC, and it makes eminent sense for that court to resolve both subpoena motions together.

Finally, courts are in agreement that this motion constitutes a "non-dispositive" matter for purposes of 28 U.S.C. Sec. 636(b).  *See Elliott v. Mission Trust Servs., LLC*, 2014 WL 6772474, at *2 (W.D. Tex. Dec. 1, 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *2 (D. Nev. Aug. 15, 2014).

I conclude that this matter should be transferred to the District of Puerto Rico.

Date: January 23, 2015